**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

——————————

**No. 18-4187**

——————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JERRY TERRELL SPENCER,

        Defendant - Appellant.

——————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:17-cr-00321-WO-1)

——————————

Submitted: October 30, 2018                            Decided: December 6, 2018

——————————

Before GREGORY, Chief Judge, RICHARDSON, Circuit Judge, and HAMILTON, Senior Circuit Judge.

——————————

Affirmed by unpublished per curiam opinion.

——————————

James B. Craven III, Durham, North Carolina, for Appellant. Matthew G.T. Martin, United States Attorney, K.P. Kennedy Gates, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

——————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry Terrell Spencer appeals his 60-month sentence after pleading guilty to possession of a firearm while under a domestic violence protection order, in violation of 18 U.S.C. § 922(g)(8). Spencer argues that the district court erred in applying a two-level sentencing enhancement for possession of three or more firearms. *See* U.S. Sentencing Guidelines Manual § 2K2.1(b)(1) (2016). The district court applied this enhancement by adding the number of firearms that Spencer unlawfully possessed during two different domestic violence incidents, one in February and one in June. *See* USSG § 3D1.2(d). Spencer contends that grouping these two incidents was improper because the uncharged February incident was not relevant conduct as required by USSG § 1B1.3, as it was not part of "the same course of conduct or common scheme or plan as the offense of conviction." USSG § 1B1.3(a)(2). Finding no reversible error, we affirm.

"In determining whether a district court properly applied the advisory [Sentencing] Guidelines, including application of any sentencing enhancements, we review the district court's legal conclusions *de novo* and its factual findings for clear error." *United States v. Layton*, 564 F.3d 330, 334 (4th Cir. 2009). Because Spencer "does not contend that the district court applied the incorrect legal rule, but instead challenges the factual analysis the district court conducted in applying the relevant conduct Guideline," our review of this issue is for clear error. *United States v. Pineda*, 770 F.3d 313, 319 (4th Cir. 2014) (internal quotation marks omitted). We conclude that the district court did not clearly err in grouping together Spencer's possession of firearms during the two domestic violence incidents because the incidents constituted the same course of conduct. *See* USSG

2

§ 1B1.3(a)(2) & cmt. n.5(B).

A court can find that offenses qualify as the same course of conduct "if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." *Pineda*, 770 F.3d at 319 (quoting USSG § 1B1.3, cmt. n.9(B)). "Significant factors used to determine whether offenses are part of the same course of conduct include the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." *United States v. Hodge*, 354 F.3d 305, 313 (4th Cir. 2004) (internal quotation marks omitted). The lack of one factor can be remedied by a stronger presence of at least one of the other factors. *Id.*

While in this case there was a four-month gap between the two firearm seizures, the conduct was of identical character: Spencer illegally possessed firearms in both instances. *See Pineda*, 770 F.3d at 319 ("[W]e conclude that the district court did not clearly err . . . [in part because] the transactions have a relatively high degree of similarity."); *cf. United States v. Hawkins,* 776 F.3d 200, 208 (4th Cir. 2015) ("[A]lthough the offenses occurred nearly six and a half months apart . . . it is an unremarkable example of offenses of the 'same or similar character' when the defendant is charged only with multiple violations of the same statute."). Moreover, Spencer cannot refute the existence of this same course of conduct merely by claiming that these two seizures were unrelated. Whether he purchased the 'June' guns after (or even because) the 'February' guns were seized, or whether he already had owned the 'June' guns during the February seizure, there is a genuine connection between the conduct underlying both events.

3

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*